**FILED**

SEP 2 5 2006

NANCY MAYER WHITTINGTON, **CLERK**
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERISTAR FINANCIAL SERVICING COMPANY, LLC<br>1795 N. Butterfield Road<br>Libertyville, Illinois 60048,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION<br>1776 F Street, NW<br>Washington, DC 20006,<br><br>SUPERIOR BANK, FSB,<br>c/o Receiver, FDIC<br>1776 F Street, NW<br>Washington, DC 20006, and<br><br>SUPERIOR FEDERAL BANK, FSB,<br>c/o Conservator, FDIC<br>1776 F Street, NW<br>Washington, DC 20006,<br><br>    Defendants | CASE NO.<br><br><br>CASE NUMBER 1:06CV01651<br>JUDGE: Paul L. Friedman<br>DECK TYPE: Contract<br>DATE STAMP: 09/25/2006<br><br>*JURY ACTION* |

## COMPLAINT

### Preliminary Statement

This Complaint is based upon a breach of contract by Defendant FEDERAL DEPOSIT

INSURANCE CORPORATION ("FDIC"), Defendant SUPERIOR BANK, FSB ("Superior

Bank"), then held and operated in receivership by the FDIC, and Defendant SUPERIOR

FEDERAL BANK, FSB ("Superior Federal"), then held and operated in receivership by the

FDIC. The FDIC stands as a defendant through its own actions, and through the actions of

Superior Federal and the Servicing Division (the "Servicing Division") of Superior Bank.

1

*First*, a contract exists between the FDIC and the Plaintiff, AMERISTAR FINANCIAL SERVICING COMPANY, LLC ("Ameristar Financial"). Pursuant to this contract, the FDIC, through the actions of Superior Federal, sold outstanding loans, to Ameristar Financial. The value of these outstanding loans was in excess of $300,000, and the FDIC approved this contract for this sale. The FDIC then breached the contract, through the actions of the Servicing Division of Superior Bank, by forgiving these loans and by agreeing to discharge and issue a satisfaction for a judgment on these loans in exchange for the settlement of a second, unrelated loan owed by the same debtor.

*Second*, the FDIC took a debt that it had previously sold to Ameristar Financial and used it, destroying its value, to compromise and settle an unrelated loan being serviced by Superior Bank, without compensating Ameristar Financial. This conduct violates the Takings Clause of the Fifth Amendment of the U.S. Constitution.

### Jurisdiction and Venue

1. This Court has:

(a) original jurisdiction over all Counts of this Complaint, pursuant to 28 U.S.C. § 1331 and 12 U.S.C. § 1819(b)(2)(A), in that this controversy arises out of the laws of the United States as this is a suit of a civil nature at common law or in equity and the FDIC is a party to this suit;

(b) original jurisdiction as to Count Three of this Complaint, pursuant to 28 U.S.C. § 1331, in that this controversy arises out of the Fifth Amendment of the U.S. Constitution; and

(c) supplemental jurisdiction over all counts, pursuant to 28 U.S.C. § 1367(a), in that all claims within this Complaint are so related that they comprise one case, and all claims arise from the same operative facts.

2. This Complaint is based upon a contract made by Superior Federal, FSB, when it was under the conservator ship of the Federal Deposit Insurance Corporation (the "FDIC"), and the FDIC approved the contract; and a taking, in violation of the Fifth Amendment of the U.S. Constitution, by the Servicing Division of Superior Bank, FSB, then in receivership and under the control of the FDIC.

3. Venue is proper in this District in that:

(a) many of the alleged acts arose in the District of Columbia, and venue therefore arises under 28 U.S.C. § 1391(b); and

(b) the contract at issue expressly provides that any legal action arising under or in connection with the Agreement and the transactions contemplated are to be instituted in the United States District Court for the District of Columbia.

### The Parties

4. Plaintiff, Ameristar Financial Servicing Company, LLC ("Ameristar Financial"), is a Delaware corporation, with its principal place of business in Libertyville, Illinois.

5. At all times pertinent to this Complain, Richard E. Wonderlic ("Richard E. Wonderlic" or "Mr. Wonderlic") was an employee and President of the Plaintiff, Ameristar Financial.

3

6. Defendant, Federal Deposit Insurance Corporation, is an independent agency of the federal government. The FDIC was created in 1933 and has its headquarters in Washington, in the District of Columbia.

7. At all times pertinent to this Complaint, Defendant Superior Bank, FSB ("Superior Bank") was a federal savings bank, with its principal place of business in Hinsdale, Illinois.

8. On July 27, 2001, Superior Bank was closed as an entity doing banking with the public by Office of Thrift Supervision ("OTS"), and the FDIC was named Receiver of Superior Bank.

9. On or about July 27, 2001, Defendant Superior Federal Bank, FSB ("Superior Federal") was created as a federal mutual savings bank, with its principal place of business in Hinsdale, Illinois.

10. On July 27, 2001, all insured deposit accounts of Superior Bank were transferred by the FDIC to Superior Federal, and the OTS appointed the FDIC as Conservator of Superior Federal.

11. At all times pertinent to this Complaint, the Servicing Division of Superior Bank (the "Servicing Division") was a part of Superior Bank, with its principal place of business in Orangeburg, New York.

12. At all times pertinent to this Complaint, beginning on or about July 27, 2001, the Servicing Division of Superior Bank acted as the servicing agent for Superior Federal.

**The Suarez Loan Pool**

13. Prior to July 27, 2001, Superior Bank made nine loans (the "Suarez Loan Pool") to NFL Industries and Joseph Suarez in the aggregate amount of $304,566.53. These loans were

4

secured by nine assets identified by the following asset numbers: 0900747981, 0900748021,

0900748120, 0900748179, 0900748252, 0900748286, 0900748328, 0900748344, and

0900748401.

14. On February 17, 2000, the Servicing Division of Superior Bank filed a lawsuit

against NFL Industries and Joseph Suarez in Superior Court of New Jersey, in Bergen

County, demanding satisfaction for the promissory notes secured by the nine assets identified

above. The style of the lawsuit was *Superior Bank FSB, Servicing Division v. NFL*

*Industries and Joseph Suarez*, Civil Action No. Ber L 1488-00.

15. On September 13, 2001, a judgment, No. J-261780-2001 ("the Judgment"), was

entered on behalf of the Servicing Division of Superior Bank against NFL Industries and

Joseph Suarez, in the amount of $304,566.53 plus costs of the suit.

### The Sale of the Suarez Loan Pool to Ameristar Financial

16. Effective November 26, 2001 (the "Closing Date"), Superior Federal entered into a

contract (the "Ameristar Contract") whereby it agreed to "sell, assign, transfer and convey to"

Ameristar Financial "all the right, title and interest of Seller, as of the Closing Date, in and to

each" loan in the Suarez Loan Pool. Ameristar Contract § 2.1.

17. Pursuant to the Ameristar Contract, Superior Federal agreed that all loan payments

arising from the Suarez Loan Pool received by Superior Federal Bank on or after "the

Calculation Date" belonged to Ameristar Financial. Ameristar Contract § 2.2.

18. The Calculation Date for the Ameristar Contract is November 8, 2001. Ameristar

Contract §1.13.

19. The FDIC, (a) acting as Conservator of Superior Federal, approved the Ameristar

Contract; and (b) "acting in its Receivership capacity as Receiver for Superior Bank, FSB,"

executed a Limited Power of Attorney appointing Richard Wonderlic as Attorney-in-Fact for the

FDIC" and granted to Mr. Wonderlic "full power to act individually in the name, place and stead

of the FDIC" for the following limited purposes:

> [t]o execute, acknowledge and deliver to Ameristar Financial Servicing Company,
> LLC, assignments and transfers of any and all mortgages; deeds of rust; security
> agreements; collateral assignments; UCC financing statements, forms and
> continuations; liens; judgments lines and executions; and all other documents
> constituting security (collectively, "Collateral Instruments") for any of the Notes
> and Loans which were transferred by the FDIC to the Purchaser pusuant to a
> general assignment . . . .

20. This Limited Power of Attorney was executed December 20, 2001, and expressly

specified that it was effective as of November 14, 2001 and until November 14, 2003, "unless

otherwise terminated by any official of the FDIC authorized to do so by the Board of Directors

of FDIC . . . ."


### Count I
### (Breach of Contract)

21. The Plaintiff realleges and incorporates by reference the allegations contained in

paragraphs one through twenty of this Complaint, and further charges:

22. At all times pertinent to this Complaint, the FDIC, having approved the Ameristar

Contract, was liable for breaches of that contract.

23. Beginning on July 27, 2001, and thereafter at all times pertinent to this Complaint,

the FDIC, as Receiver for Superior Bank, was in control of, and responsible for, the actions of

the Servicing Division of Superior Bank.

**The LaSalle Loan**

24. At all time pertinent to this Complaint, the Servicing Division of Superior Bank acted as the servicing agent for the LaSalle National Bank Association ("LaSalle Bank") in the matter of an outstanding loan between the LaSalle Bank and Joseph Suarez and Elizabeth Suarez (the "LaSalle Loan").

25. The LaSalle Loan was not related to any loans in the Suarez Loan Pool.

**The Settlement of the Suarez Loan Pool**

26. On or about November 30, 2001, the Servicing Division of Superior Bank settled the Suarez Loan Pool and the LaSalle Loan (the "Settlement") by, in part, accepting $550,000 from Joseph and Elizabeth Suarez (the "Settlement Amount").

27. As part of the Settlement, and in exchange for and upon receipt of $550,000, the Servicing Division of Superior Bank agreed (the "Agreement"): (a) to forgive the outstanding loans in the Suarez Loan Pool, and (b) to a discharge and satisfaction of the Judgment, No. J-261780-2001, in the amount of $304,566.53.

28. By letter dated November 30, 2001, the Servicing Division of Superior Bank memorialized the Agreement with Joseph and Elizabeth Suarez concerning, among other matters, the disposition of the loans in the Suarez Loan Pool and the disposition of the Judgment. In pertinent part, this Agreement provided that:

> In addition, [with] the payment of the aforesaid $550,000.00[,] the judgment #J-261780-2001 entered October 15, 2001 by Superior Bank FSB in the amount of $304,566.53 issued against Joseph and Elizabeth Suarez and NFL Industries shall be discharged and a satisfaction of judgment shall be issued upon receipt of the aforesaid amount of $550,000. This will release the parties of any and all liability associated with Superior Bank FSB and LaSalle Bank National Association, with the understanding that the $100,000 mortgage being signed by Joseph Suarez

and Donna Bello being held by the lender Superior Bank FSB, dated
9/10/01 and signed on 11/30/01[,] will be a lien placed against the subject
premises and will be the only obligation owed to Superior Bank FSB and
LaSalle Bank National Association.

29.  On behalf of Joseph Suarez, the law firm of Greco & Gess, P.C. presented a

check in the amount of $550,000, dated November 30, 2001, to Superior Bank.  This check

was deposited by the Servicing Division of Superior Bank on December 7, 2001.

### The Breach of Contract

30.  Pursuant to the Ameristar Contract § 2.2, the portion of the Settlement Amount

arising from the settlement of the Suarez Loan Pool ("the Suarez Settlement Amount") received

by the Servicing Division, acting as the servicing agent for Superior Federal, belonged to

Ameristar Financial.

31.  Pursuant to the Ameristar Contract § 2.2, the FDIC, Superior Federal, and Superior

Bank each has a duty under the Ameristar Contract to turn over the Suarez Settlement Amount to

Ameristar Financial, or to cause the Servicing Division of Superior Bank to turn over the Suarez

Settlement Amount to Ameristar Financial.

32.  The FDIC, Superior Federal, and Superior Bank each breached its duty and breached

the Ameristar Contract by not turning over the Suarez Settlement Amount to Ameristar

Financial, and by not causing Superior Bank's Servicing Division to turn over the Suarez

Settlement Amount to Ameristar Financial.  This breach of contract continues to this day.

33.  By letter dated April 13, 2003, Ameristar Financial demanded that the FDIC cure its

breach of the Ameristar Contract by paying to it the Suarez Settlement Amount.

34.  By letter dated May 18, 2005, the FDIC refused Ameristar Financial's demand.

35.  By additional letters to the FDIC, Ameristar Financial appealed the FDIC's initial

refusal of Ameristar Financial's demand; and the FDIC denied this appeal.

36. Ameristar Financial has exhausted its administrative remedies.

37. Ameristar Financial fulfilled all its duties, responsibilities and obligations under the Ameristar Contract, acting in good faith at all times; and is willing and able to continue to do so.

38. As a direct and proximate result of this breach of contract by the FDIC, Superior Federal, and Superior Bank, Ameristar Financial suffered actual damages.

## Count II
### (Breach of Contract and the Covenant of Good Faith and Fair Dealing)

39. The Plaintiff realleges and incorporates by reference the allegations contained in paragraphs one through twenty, and paragraphs twenty-two through twenty-five of this Complaint, and further charges:

### The Implied Covenant of Good Faith and Fair Dealing

40. At all times pertinent to this Complaint, beginning on November 27, 2001, the cooperation of the FDIC and the Servicing Division of Superior Bank was necessary for Ameristar Financial to perform under the Ameristar Contract and to recognize the benefit of its bargain, that is, to collect the amount owed by Joseph Suarez and NFL Industries on the loans in the Suarez Loan Pool.

41. At all times pertinent to this Complaint, the Servicing Division of Superior Bank and the FDIC had an implied obligation of act in good faith and to deal fairly with Ameristar Financial, this being to cooperate with the efforts of Ameristar Financial to collect the amount owed by Joseph Suarez and NFL Industries on the loans in the Suarez Loan Pool.

## The Breach of the Covenant of Good Faith and Fair Dealing

42. On or about November 30, 2001, the Servicing Division of Superior Bank settled the LaSalle Loan by, in part, accepting $550,000 from Joseph and Elizabeth Suarez (the "Settlement").

43. The Plaintiff realleges and incorporates by reference the allegations contained in paragraphs twenty-six through twenty-eight of this Complaint, and further charges:

44. Superior Bank, and the FDIC and Superior Federal acting through the Servicing Division of Superior Bank, each breached the covenant of good faith and fair dealing with Ameristar Financial by not cooperating with Ameristar Financial's efforts to recognize the benefit of its bargain, that is, the three Defendants forgave the outstanding loans in the Suarez Loan Pool.

45. Superior Bank, and the FDIC and Superior Federal acting through the Servicing Division of Superior Bank, each breached the covenant of good faith and fair dealing with Ameristar Financial by not cooperating with Ameristar Financial in its efforts to recognize the benefit of its bargain, that is, the three Defendants agreed to a discharge and satisfaction of Judgment, No. J-261780-2001, in the amount of $304,566.53.

46. The Plaintiff realleges and incorporates by reference the allegations contained in paragraphs thirty-two through thirty-six of this Complaint, and further charges:

47. As a direct and proximate result of the breach of the covenant of good faith and fair dealing under the Ameristar Contract by the FDIC, Superior Bank, and Superior Federal, Ameristar Financial has suffered actual damages.

### Count III
### (Unconstitutional Taking)

48. The Plaintiff realleges and incorporates by reference the allegations contained in paragraphs one through twenty, paragraphs twenty-two through twenty-five, paragraphs twenty-seven through twenty-nine, and paragraph forty-two of this Complaint, and further charges:

49. At all times pertinent to this Complaint, the Fifth Amendment of the United States Constitution forbade the taking of private property for public use without just compensation.

50. Beginning on July 27, 2001, and at all times pertinent to this Complaint, Superior Bank was in Receivership of the FDIC.

51. At all times pertinent to this Complaint, upon information and belief, the Servicing Division of Superior Bank generated fees from its servicing of loans on behalf of lending institutions other than Superior Bank, including LaSalle Bank.

52. At all times pertinent to this Complaint, while Superior Bank was in receivership of the FDIC, the purpose for the servicing of loans by the Servicing Division, on behalf of lending institutions other than Superior Bank, was a public purpose, this being to generate fees and thereby maximize the net, present value return on the assets of Superior Bank.

53. At all times pertinent to this Complaint, while Superior Bank was in receivership of the FDIC, the purpose for the servicing of the LaSalle Loan by the Servicing Division was a public purpose, this being to generate fees and thereby maximize the net, present value return on the assets of Superior Bank.

54. Effective November 26, 2001, Ameristar Financial had the right to exclude all others from "all the right, title and interest . . . in and to each" loan in the Suarez Loan Pool.

11

55. Effective November 26, 2001, Ameristar Financial had the right to exclude all others from "all the right, title and interest" in the Judgment, No. J-261780-2001, in the amount of $304,566.53.

56. Effective November 30, 2001, the FDIC, acting through the Servicing Division of Superior Bank, took the Suarez Loan Pool by agreeing to forgive the outstanding loans in the Suarez Loan Pool.

57. Effective November 30, 2001, the FDIC, acting through the Servicing Division of Superior Bank, took the Judgment, No. J-261780-2001, by agreeing to a discharge and satisfaction of the Judgment in the amount of $304,566.53.

58. The aforesaid actions of the FDIC, in taking the Suarez Loan Pool and the Judgment, No. J-261780-2001, reduced and destroyed the value of the right, title and interest in the loans in the Suarez Loan Pool.

59. By letter dated April 13, 2003, Ameristar Financial demanded that the FDIC pay just compensation to Ameristar Financial for its taking of the Suarez Loan Pool and the Judgment.

60. The Plaintiff realleges and incorporates by reference the allegations contained in paragraphs thirty-three through thirty-five of this Complaint, and further charges:

61. As a direct and proximate result of the FDIC's taking the Suarez Loan Pool and the Judgment, Ameristar Financial has suffered actual damages.

## Request for Relief

The Plaintiff, Ameristar Financial, hereby demands and seeks that judgment be entered in its favor, and against the Federal Deposit Insurance Corporation, Superior Bank, FSB, and Superior Federal Bank, FSB jointly and severally as will be proved at trial for the following:

1. A monetary judgment in the amount of three hundred four thousand five hundred sixty-six dollars and fifty-three cents ($304,566.53), or any other amount found by this Court to be just;

2. Prejudgment interest on the foregoing amount at the lawful rate;

3. Postjudgment interest on any amounts awarded until paid;

4. All costs and expenses of this civil action, including reasonable attorneys' fees and expenses; and

5. For such other and further relief as this Court deems just and equitable.

## Demand for Jury Trial

Plaintiff hereby demands that this matter be tried before a jury.


Andrew Grosso (DC Bar No. 358326)
ANDREW GROSSO & ASSOCIATES
2121 K Street, NW, Suite 800
Washington, D.C. 20037
Telephone: (202) 261-3593
Facsimile: (202) 261-3595

Dated: September 20, 2006

Attorneys for Ameristar Financial
Servicing Company, LLC

13